UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* GEORGE MARKELSON, as Executor of the Estate of STEPHEN MARKELSON, Deceased, PETER NADLER, and LORRAINE WATERS,<br><br>Plaintiffs,<br><br>-against-<br><br>DAVID B. SAMADI, M.D., DAVID B. SAMADI, M.D., P.C., LENOX HILL HOSPITAL, and NORTHWELL HEALTH, INC.,<br><br>Defendants. | 17 Civ. 7986 (DLC)<br><br>**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATOR** |

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relators' Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relators George Markelson, as Executor of the Estate of Stephen Markelson, Deceased, Peter Nadler, and Lorraine Waters ("Relators" and, together with the United States, the "Parties"), through their counsel;

WHEREAS, on or about October 17, 2017, Relators filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq*. (the "FCA"), alleging, *inter alia*, that Defendants violated the FCA by: (1) improperly billing the Government Healthcare Programs for surgeries in which all the critical and key portions of the surgery were performed by someone other than Samadi; (2) directing patients to undergo general anesthesia when not medically warranted in order to conceal the fraud; (3) failing to obtain

informed consent from patients; and (4) falsely documenting surgical procedures in order to further obfuscate the fraud (the "Relators' Initial Complaint");

WHEREAS, on or about June 4, 2019, the Relators filed an Amended Complaint (the "Relators' Amended Complaint"), asserting that Defendants had submitted false claims for procedures that had been improperly "upcoded" to obtain higher reimbursement and had also violated the Stark Law and Anti-Kickback statute by improperly compensating Samadi in excess of fair market value and for the volume and value of business that he generated for Lenox Hill;

WHEREAS, on or about October 30, 2019, the United States filed a complaint-in-intervention ("Government Complaint"), asserting claims against defendants Lenox Hill Hospital and Northwell Health, Inc. (the "Hospital Defendants") for submittung false certifications to Medicare in conjunction with claims for reimbursement for: (1) endoscopic procedures and operations that were performed, at least in part, by medical residents whom Samadi supervised while he was simultaneously engaged in a different, complex surgery taking place in an adjacent operating room; (2) robotic surgeries for which, at some point during the surgery, Samadi left the operating room to supervise a different procedure or operation; (3) office-based and laboratory services that, although they had not been personally performed by Samadi, were used to calculate the incentive component of Samadi's compensation; (4) hospital and professional services provided in conjunction with Samadi's endoscopic procedures and operations that were not medically reasonable and necessary; and (5) designated health services referred to Lenox Hill by Samadi when his compensation from Lenox Hill was not fair market value and his employment arrangement with Lenox Hill was not commercially reasonable without taking into account his referrals. (the "Covered Conduct");

WHEREAS, on or about October 30, 2019, the United States, the Hospital Defendants, and Relators entered into a Stipulation and Order of Settlement (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, the Hospital Defendants agreed to pay the United States $12,300,000 plus interest which shall be compounded annually at a rate of 2.77% accruing from October 7, 2019 (the "Settlement Amount") to resolve the claims of the United States for the Covered Conduct;

WHEREAS, the Relators have asserted that, pursuant to 31 U.S.C. § 3730(d)(l), they are entitled to receive a portion of the Settlement Amount (the "Relators' Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relators' Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relators' Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.  Contingent upon receipt by the United States of full payment due to the United States under Paragraph 3 of the Settlement Agreement, the United States will pay Relators, c/o The Jacob Fuchsberg law Firm, LLP, as attorneys for Relator ("Relators' Counsel"), twenty-one percent (21%) of the payment of the Settlement Amount received from Defendant ($2,583,000) plus any interest in accordance with written instructions provided by Relators' Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount.  The obligation to make the payment to the Relators under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from the Hospital Defendants required by the Settlement Agreement.  In the event that the Hospital Defendants fail

to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to the Relators.

2. Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, agree that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waive the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relators' share set forth in Paragraph 1 above, and upon payment thereof, Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, release and are deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relators' Initial Complaint, the Relators' Amended Complaint, or the Government Complaint.

4. This Relators' Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relators arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relators' Stipulation.

5. The United States and Relators agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relators' Stipulation is null and void.

6. This Relators' Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7. This Relators' Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relators' Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relators' Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relators' Stipulation.

9. This Relators' Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relators' Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relators' Stipulation, this Relators' Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relators' Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: ~~October 30~~ Nov. 21, 2019
New York, New York

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____
JESSICA JEAN HU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007

Dated: 11/5/19, 20___

THE JACOB FUCHSBERG LAW FIRM, LLP

By: _____
JOSEPH LANNI, Esq.
3 Park Avenue, 37th Floor
New York, NY 10016

5

        GUTTMAN, BUSCHNER & BROOKS
        PLLC

        _____
        TRACI L. BUSCHNER, Esq.
        2000 P Street, N.W., Suite 300
        Washington, D.C. 20036

        *Attorneys for the Relator*

Dated: November 6____, 20 19
      New York, New York

        _____
        GEORGE MARKELSON
        Executor, Estate of Stephen Markelson
        *Relator*

Dated: _____, 20___

        _____
        PETER NADLER
        *Relator*

Dated: _____, 20___

        _____
        LORRAINE WATERS
        *Relator*

Dated: October ___, 2019
      New York, New York

SO ORDERED:

        _____
        HON. DENISE COTE
        UNITED STATES DISTRICT JUDGE

GUTTMAN, BUSCHNER & BROOKS PLLC

*[signature]*

TRACI L. BUSCHNER, Esq.
2000 P Street, N.W., Suite 300
Washington, D.C. 20036

*Attorneys for the Relator*

Dated: _____, 20\_\_\_
      New York, New York

GEORGE MARKELSON
Executor, Estate of Stephen Markelson
*Relator*

Dated: Nov 4, 2019

*[signature]*

PETER NADLER
*Relator*

Dated: Nov. 4, 2019

*[signature]*

LORRAINE WATERS
*Relator*

Dated: October \_\_\_, 2019
      New York, New York

SO ORDERED:

_____
HON. DENISE COTE
UNITED STATES DISTRICT JUDGE

6