UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA *ex rel.* GEORGE MARKELSON, as Executor of the Estate of STEPHEN MARKELSON, Deceased, PETER NADLER, and LORRAINE WATERS,

Plaintiffs,

-against-

DAVID B. SAMADI, M.D., DAVID B. SAMADI, M.D., P.C., LENOX HILL HOSPITAL, and NORTHWELL HEALTH, INC.,

Defendants.

17 Civ. 7986 (DLC)

STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATORS

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relators' Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relators George Markelson, as Executor of the Estate of Stephen Markelson, Deceased, Peter Nadler, and Lorraine Waters ("Relators" and, together with the United States, the "Parties"), through their counsel;

WHEREAS, on or about October 17, 2017, Relators filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA") (the "Relators' Initial Complaint");

WHEREAS, on or about June 4, 2019, the Relators filed an Amended Complaint (the "Relators' Amended Complaint");

WHEREAS, on or about October 8, 2019, the United States filed a notice of partial intervention (the "Partial Intervention Notice"), intervening in Relators' claims against defendants Lenox Hill Hospital and Northwell Health, Inc. (the "Hospital Defendants");

WHEREAS, shortly after filing the Partial Intervention Notice, the United States also filed its Complaint-in-Intervention and a proposed Stipulation and order of Settlement between the Government, the Hospital Defendants, and Relators (the "Settlement Stipulation").

WHEREAS, on or about November 25, 2019, the Court endorsed the Settlement Stipulation, fully resolving the claims alleged in the United States' Complaint-in-Intervention against the Hospital Defendants;

WHEREAS, although the United States declined to intervene at that time in Relators' claims against Defendants David B. Samadi, M.D. and David B. Samadi, P.C. (the "Samadi Defendants"), Relators elected to proceed with litigation of this action against the Samadi Defendants on the United States' behalf (the "Relator Action");

WHEREAS, on or about March 27, 2020, Relators and the Samadi Defendants entered into a Settlement Agreement;

WHEREAS, pursuant to Paragraph 1 of the agreement, the Samadi Defendants agreed to pay to the United States $250,000.00 (the "Settlement Amount") to resolve the Relators' Action.

WHEREAS, the Relators have asserted that, pursuant to 31 U.S.C. § 3730(d)(1), they are entitled to receive a portion of the Settlement Amount (the "Relators' Share Claim");

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relators' Share Claim pursuant to the terms set forth below;

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relators' Stipulation,

and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of full payment due to the United States under Paragraph 1 of the Settlement Agreement, the United States will pay Relators, c/o The Jacob Fuchsberg law Firm, LLP, as attorneys for Relator ("Relators' Counsel"), twenty-seven point five percent (27.5%) of the payment of the Settlement Amount received from Defendant ($68,750) in accordance with written instructions provided by Relators' Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount. The obligation to make the payment to the Relators under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from the Samadi Defendants required by the Settlement Agreement. In the event that the Samadi Defendants fail to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to the Relators.

2. Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, agree that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waive the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relators' share set forth in Paragraph 1 above, and upon payment thereof, Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, release and are deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any

proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relators' Action.

4. This Relators' Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relators arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relators' Stipulation.

5. The United States and Relators agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relators' Stipulation is null and void.

6. This Relators' Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7. This Relators' Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relators' Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relators' Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relators' Stipulation.

9. This Relators' Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relators' Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relators' Stipulation, this Relators' Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any

subsequent dispute.

10. This Relators' Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: April 13, 2020
New York, New York

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____
JESSICA JEAN HU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007

Dated: April 1, 2020

THE JACOB FUCHSBERG LAW FIRM, LLP

By: _____
JOSEPH LANNI, Esq.
3 Park Avenue, 37th Floor
New York, NY 10016
GUTTMAN, BUSCHNER & BROOKS PLLC

_____
TRACI L. BUSCHNER, Esq.
2000 P Street, N.W., Suite 300
Washington, D.C. 20036

*Attorneys for the Relator*

```
So ordered.  4.14.2020.

              _____
                    DENISE COTE
              United States District Judge
```

5

Dated: April___, 2020
      New York, New York

_____
GEORGE MARKELSON
Executor, Estate of Stephen Markelson
*Relator*

Dated: April___, 2020

_____
PETER NADLER
*Relator*

Dated: April___, 2020

_____
LORRAINE WATERS
*Relator*

Dated: April ___, 2020
      New York, New York

SO ORDERED:

_____
HON. DENISE COTE
UNITED STATES DISTRICT JUDGE

Dated: April___, 2020
       New York, New York

                                       GEORGE MARKELSON
                                       Executor, Estate of Stephen Markelson
                                       *Relator*

Dated: April 5, 2020

                                       PETER NADLER
                                       *Relator*

Dated: April 5, 2020

                                       LORRAINE WATERS
                                       *Relator*

Dated: April ___, 2020
       New York, New York

SO ORDERED:

                                       HON. DENISE COTE
                                       UNITED STATES DISTRICT JUDGE